FRANK LA RIVIERE *vs.* JOSEPH W. PEMBERTON.

April 2, 1891.

Contributory Negligence—That of Servant Imputed to Master.—The principle that the contributory negligence of the plaintiff's servant is imputable to the principal, and constitutes a defence in an action for negligence prosecuted by the latter against a third person, applied.

Same—Cattle at Large near Partly-Frozen Lake. — Evidence *held* to show negligence in allowing cattle unnecessarily to go at large in the vicinity of a frozen lake, where they were accustomed to drink, it being known that there might be openings in the ice dangerous to cattle.

Action brought in the district court for Hennepin county to recover $475, the value of cows drowned in a lake near plaintiff's premises, from which the defendant had cut ice, and had neglected to fence the openings thus made. At the trial, before *Hicks*, J., a dismissal was ordered at the close of plaintiff's case, and he appeals from an order refusing a new trial.

*Little & Nunn*, for appellant.

*Weed Munro*, for respondent.

DICKINSON, J.[1] The plaintiff has for many years occupied a farm on the south side of a small meandered body of water, called "Red Rock Lake." His barn is about 160 rods from the lake. In the winter season he has been accustomed to water his stock on the south side of the lake, by means of holes cut in the ice. His cattle also "used to go" for water to a place on the westerly shore of the lake, some 40 rods from the plaintiff's watering place, where a neighbor, one Mitchell, owning the land on the west shore, was accustomed to water his stock. When the plaintiff's cattle were turned out of his barn there was nothing to prevent their going to the lake, which was unfenced. It had been the custom of the plaintiff and his neighbors for years to cut ice and take it from the lake, probably for domestic use, and cattle allowed to go to the lake unattended were liable to be drowned at places where the ice had been cut and removed. The plaintiff had lost cattle in that way prior to the occurrence upon which this action was based. He knew and appreciated this danger. Before the accident complained of, he had cautioned a servant, employed by him to take care of his stock, not to let the cattle go to the lake unattended, explaining the danger just referred to. A day or two after that, on a cold day in January, this servant let the cattle out of the barn. Unobserved by the servant two of the cows went to the lake, and at a place some 60 or 80 feet from Mitchell's watering place they were drowned, having fallen into an opening in the ice some 12 or 15 feet square, which the defendant had caused by cutting and removing the ice. The defendant and others had

[1]Vanderburgh, J., took no part in this case. Mitchell, J., was absent when the decision was filed, and did not participate therein.

long been suffered by Mitchell to go to the lake over his land for such purposes.    The plaintiff had no knowledge that this hole had been made in the ice, or that there was any such opening in the vicinity at that time.    He seeks by this action to recover the value of the cattle, his action being based on the negligence of the defendant in cutting the ice and leaving the opening unguarded.    At the trial, the plaintiff's case being as above indicated, the court dismissed the action, on the ground that it appeared that the plaintiff was chargeable with contributory negligence.

The ruling of the court was right.    The plaintiff knew that it was a common practice of the people about the lake to cut and remove ice.    He appreciated the risk arising from this cause.    While he did not know that there were such openings in the ice at this time, he knew that their existence was probable, and that it was dangerous for that reason to allow cattle to go to the lake unattended in search of water, and had warned his servant of this danger. Both he and his servant must have known the natural propensity of the animals to go to the lake for water, that being the place where they were accustomed to get water. It was to be expected as a matter of course that they would go there; and especially is this true if, as is to be inferred from the case, the cattle had not been watered since the preceding day.    Yet the servant let the cattle out, and seems to have exercised no precaution to prevent their going to the lake unattended, as these cattle did do.    No excuse or preventing cause for this is shown.    In brief, whatever danger there may have been from the cutting and removal of ice, the plaintiff knew of its probable existence, and appreciated the nature of it.    Yet the person to whom he had committed the care of his property apparently neglected to exercise any reasonable care to avoid the very consequences which both the plaintiff and the servant apprehended might result from any such neglect.    Such contributory negligence was a sufficient reason why, upon the case made, the plaintiff was not entitled to recover.    If it was negligence for the defendant to cut and remove the ice, it was equally negligence to unnecessarily allow the cattle to be at large where they might be expected to go to the lake. The contributory negligence of the plaintiff's servant in the discharge

of the duty committed to him is to be imputed to the plaintiff. In legal contemplation, and as affecting the plaintiff's right of recovery against a third person, it is as though the plaintiff had personally been guilty of such contributory negligence.

Order affirmed.

